Cite as 2024 Ark. App. 174

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-665

| | | |
|---|---|---|
| | | Opinion Delivered March 6, 2024 |
| SHERRY CANADY | | APPEAL FROM THE ARKANSAS |
| | APPELLANT | BOARD OF REVIEW |
| V. | | |
| | | [NO. 2022-BR-01655] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | REMANDED |

## MIKE MURPHY, Judge

Sherry Canady appeals an adverse ruling of the Board of Review (Board) affirming an Appeal Tribunal (Tribunal) finding that she is liable to repay $14,272 in overpaid unemployment benefits. We remand.

On October 25, 2021, the Arkansas Division of Workforce Services (DWS) issued Canady a notice of nonfraud overpayment finding that she had received benefits to which she was not entitled for reasons other than fraud. Canady appealed this determination to the Tribunal, and the Tribunal affirmed. Canady then appealed to the Board, which affirmed the Tribunal's decision, finding that the overpayment of benefits was not due to agency error. More specifically, the Board found that Canady had received benefits to which she was not entitled because she was discharged from her last work for a disqualifying reason.

Canady brings this appeal of the Board's decision finding her liable to repay the overpayment of benefits totaling $14,272.

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, at 1, 575 S.W.3d 186, 187. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.*, 575 S.W.3d at 188. In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* at 1–2, 575 S.W.3d at 188. Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* at 2, 575 S.W.3d at 188.

This court's decision in *Carman v. Director* confirmed that, for purposes of the overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman v. Dir.*, 2023 Ark. App. 51, at 7, 660 S.W.3d 852, 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that the repayment of Federal Pandemic Unemployment Compensation (FPUC) benefits may be waived if the State determines that the payment of the FPUC benefits was without fault on the part of the worker and that repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

The record indicates that Canady received regular state unemployment benefits, extended state unemployment benefits, and FPUC. Neither the Board's nor the Tribunal's opinions made findings regarding how much of the total overpayment is attributable to each program.

Accordingly, on remand, the Board is tasked with making findings sufficient to establish what amount of the overpayment is attributable to state unemployment benefits and what amount is attributable to FPUC. Regarding the FPUC, the Board is further tasked with making findings of fact and conclusions of law regarding whether the payments were made without the fault of the claimant and whether repayment would be contrary to equity and good conscience. *Hancock v. Dir.*, 2023 Ark. App. 597, at 3.

Remanded.

HARRISON, C.J., and WOOD, J., agree.

*Sherry Canady*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.